UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THAD J. ZANDER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 19-13320
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**ORDER ADOPTING REPORT & RECOMMENDATION [18], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], GRANTING PLAINTIFF'S MOTION TO REMAND [13], AND REMANDING THE CASE**

Thad J. Zander applied for disability insurance benefits in 2014 due to a number of conditions, including neuromyelitis optica, degenerative disc disease, depression, and ADHD, which he believes make him unable to work and qualify him as disabled. The Commissioner of Social Security denied Zander's claim, and Zander now seeks judicial review of that denial. Zander filed a motion to remand the case and the Commissioner filed a motion for summary judgment. Magistrate Judge Patricia T. Morris issued a Report and Recommendation recommending that the Court grant Zander's motion and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).

At the conclusion of her October 23, 2020 Report and Recommendation, Magistrate Judge Morris notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 45, PageID.165.) It has now been over 45 days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 45.) The Court DENIES the Commissioner's motion for summary judgment (ECF No. 15) and GRANTS Plaintiff's motion to remand (ECF No. 13). The case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with Magistrate Judge Morris' Report and Recommendation (ECF No. 18). On remand, the ALJ must fully analyze and explain the reasons for his evaluation and weighing of neurologist Dr. Aburashed's treating source opinion. The ALJ must also consider Zander's fatigue and visual disturbances in his residual functional capacity assessment of Zander.

SO ORDERED.

Dated: December 16, 2020

                                                s/Laurie J. Michelson  
                                              LAURIE J. MICHELSON  
                                              UNITED STATES DISTRICT JUDGE